# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAMARA FLOYD, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SYKES ENTERPRISES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff TAMARA FLOYD, and hereby files this her Complaint for Damages, showing this Honorable Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages caused by Defendant's unlawful discriminatory employment practices involving Plaintiff's employment and termination. The practices committed by Defendant violate the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 12117.

3.

Defendant is located and doing business within this judicial district and division. This action is brought within the Northern District of Georgia, wherein all or a substantial majority of the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4.

Plaintiff Tamara Floyd is a resident of the state of Georgia and is subject to the jurisdiction of this Court. Plaintiff was employed by Defendant at all times material to the claims asserted herein and was an "employee" of Defendant as defined by the ADA at 42 U.S.C. § 12111(4).

5.

Plaintiff, at all times relevant hereto, was an individual with a disability as the term is defined by 42 U.S.C. § 12102(1).

6.

Plaintiff is a person with a disability inasmuch as she has impairments causing substantial limitations in one or more major life activities, she has a record of disabilities, and Defendant regarded her as having disabilities.

7.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for each working day in each of 20 more calendar weeks in the preceding calendar year, and therefore satisfies the requisite requirements of the ADA. 42 U.S.C. § 12111(5).

8.

Defendant, SYKES Enterprises, Inc., is a corporation doing business throughout the state of Georgia, and at all times material hereto has conducted business within this District. This Defendant may be served through its registered agent for service of process: Paracorp, Inc., 279 W. Crogan Street, Lawrenceville, GA 30046, Gwinnett County.

**ADMINISTRATIVE PROCEDURES**

9.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2021-02975.

10.

The EEOC issued Plaintiff a "Notice of Right to Sue" on September 7, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

Plaintiff initiated this action within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

12.

Defendant hired Plaintiff as a completely remote Customer Service Agent on or around December 7, 2020.

13.

Prior to seeking employment with Defendant, Plaintiff was diagnosed with fibromyalgia, lupus, and rheumatoid arthritis.

14.

Plaintiff's disabilities make it impossible for her to sit for several hours at a time or to consistently work a full-time schedule because of her strict physical therapy and medication regimes.

15.

Defendant advertised Plaintiff's position as a 30-hour per week parttime position that would begin with a fulltime training period.

16.

When Plaintiff's fulltime training period ended, Defendant still scheduled Plaintiff to work 40 hours per week.

17.

Plaintiff was unable to work the 40-hour schedule, which was not the schedule she was hired to perform, and Plaintiff requested the reduced work schedule due to her disabilities.

18.

Plaintiff notified Defendant of her diagnoses on January 20, 2021.

19.

Plaintiff submitted five schedule requests to Defendant.

20.

Instead of granting the reduced work schedule, which was requested based on Plaintiff's inability to sit for extended periods, physical therapy schedule, and medication plan, Defendant referred Plaintiff to an outside agency, UNUM, to discuss her disability options.

21.

UNUM does not handle reduced schedule requests, but before Plaintiff knew this, she reached out to the agency as directed by Defendant in the hopes of her requested accommodation being granted.

22.

In response to and in retaliation for Plaintiff calling UNUM as instructed to try to obtain information related to her request for a disability accommodation, Defendant reprimanded Plaintiff for making the call, claiming it was a "personal phone call."

23.

Because it was not a personal phone call and Defendant was lashing out at her for requesting an accommodation, Plaintiff emailed her supervisors on January 29, 2021, stating that the reprimand "almost sound[ed] like the makings of an ADA discrimination suit."

24.

Though Defendant eventually granted Plaintiff's accommodation requests, Defendant did everything it could to make it impossible for Plaintiff to be successful in her position, targeting and harassing her for making those requests.

25.

Also in retaliation for exercising her rights, Defendant began giving Plaintiff lower than normal performance evaluations, even though her performance did not change.

26.

On February 1, 2021, and February 25, 2021, Plaintiff sent complaints to the EEOC outlining the above discrimination.

27.

On February 25, 2021, Plaintiff forwarded her amended EEOC complaint to Defendant's employees.  On March 1, 2021, the second business day after Defendant received Plaintiff's EEOC complaints, Defendant terminated Plaintiff.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

28.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29.

Plaintiff is a disabled person as defined by the ADA in that (a) she has a physical impairment and (b) she has a record of such impairment.

30.

Plaintiff has physical impairments which substantially limit one or more major life activities.

31.

Plaintiff's physical impairments are "disabilities" within the meaning of the ADA.

32.

At all times relevant to this action, Plaintiff was capable of performing the essential functions of her position with Defendant.

33.

Plaintiff requested a reasonable accommodation that would have allowed her to continue to perform the essential functions of her job.

34.

Defendant received notice of Plaintiff's disability.

35.

Defendant initially ignored and refused to grant the accommodation Plaintiff requested.

36.

By refusing to grant reasonable accommodations, giving low performance evaluations, and targeting and harassing Plaintiff, Defendant discriminated against Plaintiff because of her disability and therefore violated the ADA.

37.

Although Defendant purports to provide a non-discriminatory reason for the adverse actions taken against Plaintiff, this reason is a pre-text for disability discrimination.

38.

Defendant treated other employees outside Plaintiff's protected class differently.

39.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her disability. This is a violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, *et seq*.

40.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

41.

Defendant's conduct complained of herein deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

42.

As a direct and proximate result of Defendant's violations of the ADA, Plaintiff suffered damages to her psychological and physical well-being.

43.

As a result of this discrimination, Plaintiff was injured and damaged; she was forced to seek other employment; her career was significantly and adversely impacted; she was forced to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

44.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA.

45.

Plaintiff has satisfied all administrative prerequisites to bringing this claim.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

46.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.

At all times relevant to this action, Plaintiff was capable of performing the essential functions of her job.

48.

Plaintiff requested a reasonable accommodation that would have allowed her to continue to perform the essential functions of her job.

49.

Plaintiff's requests for reasonable accommodation are protected conduct under the ADA, as amended.

50.

In retaliation for Plaintiff requesting accommodations, Defendant harassed and targeted Plaintiff.

51.

Plaintiff informed Defendant that she complained to the EEOC.

52.

Plaintiff's complaints to the EEOC are protected conduct under the ADA, as amended.

53.

Defendant retaliated against Plaintiff by terminating her employment for complaining to the EEOC.

54.

Defendant's proffered reason for terminating Plaintiff's employment is pretext designed to hide Defendant's retaliatory motive.

55.

Defendant's retaliatory actions against Plaintiff violate the ADA, as amended. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

56.

Defendant's retaliatory conduct complained of herein has deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

57.

As a direct and proximate result of Defendant's violations of the ADA, Plaintiff was made the victim of acts that adversely affected her psychological and physical well-being.

58.

As a result of this discrimination, Plaintiff suffered injury and damage; she was forced to seek other employment; to have her career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

59.

Pursuant to the ADA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA, as amended.

**WHEREFORE**, Plaintiff requests the following relief:

a) General damages for mental and emotional suffering caused by the misconduct of Defendant;

b) Punitive damages based on the Defendant's willful, malicious, intentional, and deliberate acts;

c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorneys' fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted, this 6th day of December, 2021.

HOFFER & WEBB, LLC

*/s/ Robyn Oliver Webb*

ROBYN OLIVER WEBB
Georgia Bar No. 552505
MARY PAIGE GRAY
Georgia Bar No. 991260
*Attorneys for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Office
404-260-6192 Direct / Fax

rwebb@hofferwebb.com

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C**

    Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.